**IN THE COURT OF APPEALS OF IOWA**

No. 17-0816
Filed August 2, 2017

**IN THE INTEREST OF B.C. and B.C.,**
**Minor Children,**

**J.L., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.

　　　A mother appeals from the order terminating her parental rights. **AFFIRMED.**

　　　Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

　　　Michelle M. Hynes, Juvenile Law Center, Sioux City, for minor children.

　　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals from the order terminating her parental rights. We find there is sufficient evidence in the record to support termination of the mother's parental rights and termination of her rights is in the children's best interests. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

J.L. is the mother of B.C., born in 2013, and B.C., born in 2014.[1] The mother has a long history of mental health problems and alcohol abuse. The children were removed from the mother's care on May 13, 2016, after she was arrested for serious assault for hitting her nephew.[2] The nephew stated he had observed numerous physical altercations in the home. The children were placed in foster care.

The children were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(a), (b), and (c)(2) (2016). Throughout the CINA proceedings the mother remained homeless. She started outpatient treatment but continued to drink alcohol. At a permanency hearing on December 3, 2016, the mother shouted profanities during the State's closing arguments. On February 17, 2017, the mother was arrested for public intoxication. While the case was pending she was also arrested for operating while intoxicated. She did little to engage in services, although she participated in visitation with the children.

---

[1] The father consented to termination of his parental rights.
[2] The mother subsequently pled guilty to serious assault and was sentenced to seven days in jail.

The State filed a petition for termination of parental rights on February 22, 2017. At the termination hearing, the mother testified she had been hospitalized twice in the prior six weeks for mental-health problems and attempted suicide. She also stated she last drank alcohol about a week before the termination hearing, admitting "I cannot stay sober." The mother testified the children could not be returned to her home at that time because she was homeless and had no home for them to return to.

The juvenile court terminated the mother's parental rights under section 232.116(1)(h) and (*l*) (2017). The juvenile court found:

> Since the time of the children's removal, [J.L.] has not fully participated in services and not adequately addressed the concerns that led to the children's continued removal, including substance abuse and lack of age-appropriate parenting. The mother is unemployed. She is homeless. At the present time, the children could not be returned to the mother's custody without likely suffering further harm. Given her lack of progress with treatment, the mother's prognosis for meaningfully addressing her substance abuse-related disorder and mental health issues within a reasonable time is poor. The children could not be returned to the custody of the mother anytime in the foreseeable future, given the children's ages and need for a permanent home.

The court concluded termination of the mother's rights was in the children's best interests. The mother now appeals the juvenile court's decision.

## II.     Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the

evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

We will address the termination of the mother's parental rights under section 232.116(1)(h). Both of the children were three years old or younger and had been adjudicated CINA. *See* Iowa Code § 232.1116(1)(h)(1), (2). At the time of the termination hearing, the children had been removed from the mother's care for more than nine months. *See id.* § 232.116(1)(h)(3) (requiring removal for at least six months). Additionally, the mother testified the children could not be returned to her care because she was homeless and was still addressing her mental health problems. *See id.* § 232.116(1)(h)(4). We determine the juvenile court properly terminated the mother's parental rights under section 232.116(1)(h).

### IV. Best Interests

The mother claims termination of her parental rights is not in the children's best interests. She states she had a powerful bond with the children. In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of

the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Under the facts presented in this case, we conclude termination of the mother's parental rights is in the children's best interests.

We affirm the decision of the juvenile court.

**AFFIRMED.**